UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-1383-MMM |
| | ) |
| BLOOMINGTON POLICE DEPARTMENT, | ) |
| e al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, currently a federal prisoner at the Manchester Federal Correctional Center, files a complaint regarding the circumstances of his 2013 arrest and subsequent conviction. Plaintiff does not identify his claims as arising under 42 U.S.C. § 1983 or other federal statute, checking "Unknown", and alleging that his claims involve "impersonating a federal DEA agent, falsifying both federal and state documents, collusion with federal DEA for a fraudulent purpose, due process violation, perjury."

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff indicates that on July 17, 2013, he was subject to an allegedly joint surveillance by the DEA and the Bloomington Police Department on the suspicion that he was engaging in the distribution and sale of crack cocaine. Plaintiff alleges that Defendant Bloomington Police Officer Bierbahm employed a confidential informant to engage Plaintiff in a controlled drug buy. The informant contacted Plaintiff by phone, with the conversation recorded and used at trial. At some time prior, another Defendant, Bloomington Detective Raisbeck had been deputized for a 2-year term as a DEA agent. Plaintiff claims that Defendant Raisbeck's deputization had expired at the time the conversation was recorded so Defendants were bound by the Illinois eavesdropping statute, 720 ILCS 5/14-2, which requires all-party consent. Plaintiff asserts that Defendants fraudulently attempted to circumvent the Illinois statute by alleging that Defendant Raisbeck was acting as a federal agent so the more lenient federal eavesdropping statute, 18 U.S.C. § 2511(2)(c) which allows for one-party consent, would apply. Plaintiff asserts that pursuant to the state statute, the incriminating recording should have been excluded at trial.

Plaintiff reveals that he had asserted this same claim in an earlier case *Jordan v. Bloomington Police Department et al.*, No. 19-1154 (C.D. Ill. May 3, 2019), there alleging that Defendants' conduct violated the Fourth Amendment. The case was dismissed with prejudice on May 9, 2019, for Plaintiff's failure to state a federal claim. The Court noted that one-party recordings are allowable under federal statute, citing 18 U.S.C. § 2511(2)(c);*United States v. White*, 401 U.S. 745, 751–54 (1971). It found, therefore, that Plaintiff's complaint concerned only a violation of Illinois statute and did not raise a federal question. *See Jordan*, No. 19-1154 [ECF 6].

Plaintiff has essentially refiled the same case here and offers nothing new. While he attempts to reclassify his claims, they are still based on the alleged violation of Illinois statute.

As Plaintiff's case was dismissed with prejudice and he admittedly did not appeal, he is foreclosed from proceeding in federal court under the *Rooker-Feldman* Doctrine. "The *Rooker–Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment. *Gilbert v. Illinois State Bd. Of Educ.,* 591 F.3d 896, 900(7th Cir. 2010). *See also*, *Campbell v. Detella*, 33 Fed. Appx. 829, 830 (7th Cir. 2002) (applying *Rooker-Feldman*). ["A] federal court is not an appropriate venue for [plaintiff's] disagreement with the Illinois Court of Claims' handling of his case… federal courts lack jurisdiction to hear claims adjudicated by state courts or claims that are inextricably intertwined with the merits of a state court judgment."

In addition, Plaintiff's claim is subject to the bar of *res judicata*, or claim preclusion, which provides that "a final judgment forecloses successive litigation of the very same claim...'" *Donelson v. Prado*, No. 09-6227, 2011 WL 941233 at *5 (N.D. Ill. March 16, 2011) quoting *Taylor v. Sturgell,* 553 U.S. 880, 891 (2008). *See Donelson*, 2011 WL 941233, at *6 (subsequent complaint barred by *res judicata* as plaintiff had had a "full and fair" opportunity to litigate his prior case, dismissed at merit review).

In addition, it would appear that the claims which Plaintiff has alleged, including that Defendant Raisbeck impersonated a federal agent, do not provide for a private right of action. There are also potential statute of limitations concerns where Plaintiff files a civil action alleging conduct which occurred in 2013. Furthermore, if Plaintiff's claim is construed as filed under § 1983, *Heck v. Humphrey*, 512 U.S. 477 (1994) applies. *Heck* bars a § 1983 claim for money damaged which, if successful, would undermine the validity of the underlying conviction or sentence. *Id*. at 477.

For these various reasons, Plaintiff's complaint is dismissed with prejudice and he will be assessed a strike for filing a frivolous pleading. All pending matters are vacated. This case is closed.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile for the various reasons identified herein. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

2/24/2021
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE